| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| MAXIMILIANO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>DAVID TSUI, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01101-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HER EQUAL PROTECTION CLAIMS AGAINST DEFENDANTS TSUI, BROWN, REISHA, AND THAMES; HER FOURTH AMENDMENT CLAIMS AGAINST TSUI AND BROWN; AND HER FIRST AMENDMENT RETALIATION CLAIMS AGAINST TSUI AND BASKERVILLE<br><br>(2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner proceeding without counsel, alleges that defendants, correctional officers all, violated her First and Fourteenth Amendment rights by discriminating against her because she is a transgender woman. After reviewing the complaint, I find that plaintiff has

1

stated viable Equal Protection claims against defendants Tsui, Brown, Reisha, and Thames, viable Fourth Amendment claims against Tsui and Brown, and viable First Amendment retaliation claims against defendants Tsui and Baskerville.  Plaintiff may either proceed only with these claims or delay serving any defendant and file an amended complaint.  I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

**Screening Order**

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, on June 18, 2021, she was working in the law library when she was escorted to the program office. ECF No. 1 at 7. There, defendants Reisha and Thames ordered her to "strip out." *Id.* She requested that a female officer perform the search, but Reisha and Thames, both of whom are male, laughed and denied her request. *Id.* On that same day, defendants Tsui and Brown took property from plaintiff's cell and gave it to other inmates. *Id.* at 7-8. Plaintiff alleges that Tsui and Brown were motivated by discriminatory animus because both had made derogatory comments about plaintiff's transgender identity in the past. *Id.* at 5, 7-8. These allegations are sufficient to state an Equal Protection claim against defendants Reisha, Thames, Tsui, and Brown. They are also sufficient to state a viable Fourth Amendment unreasonable search claim against defendants Tsui and Brown.

Plaintiff filed a grievance concerning these events on June 24, 2021, and on that same day defendants Tsui and Baskerville wrote and approved a rules violation report against her. *Id.* at 8-9. She alleges that the rules violation report was retaliation for her grievance. *Id.* at 14. These allegations are sufficient to state a First Amendment retaliation claim against both defendants.

With respect to the other defendants, Holmes, Mendez, Rodgers, and Does 1-3, I find that plaintiff has failed to adequately plead that they violated her rights. Merely alleging that they failed to investigate the foregoing violations, as she does with defendant Holmes, is insufficient. *Id.* at 10.

Plaintiff may either proceed only with the cognizable claims identified above or she may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need

to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No.2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff either advise that she wishes to proceed only with her Equal Protection claims against defendants Tsui, Brown, Reisha, Thames, Fourth Amendment claims against Tsui and Brown, and First Amendment retaliation claims against defendants Tsui and Baskerville or delay serving any defendant and file an amended complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    September 16, 2022                          _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE